# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CR-07-70-D |
| | ) | CIV-09-953-D |
| MICHAEL DEAN HELTON, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion [Doc. No. 48] in which he seeks to vacate, set aside or correct the sentence imposed against him, pursuant to 28 U. S. C. § 2255. The government timely responded to the Motion, and Defendant filed a reply. Having reviewed the file and the parties' arguments, the Court concludes that an evidentiary hearing is not required because the issues raised can be resolved on the basis of the record and the governing law. *See United States v. Galloway*, 56 F. 3d 1239, 1240 (10th Cir. 1995).

Following a non-jury trial, Defendant was convicted of producing child pornography and was sentenced to 300 months imprisonment; he timely appealed and, on December 15, 2008, the United States Court of Appeals for the Tenth Circuit filed its Order and Judgment [Doc. No. 43] affirming his conviction and sentence. In his § 2255 Motion, Defendant now asserts new claims not raised on appeal; he characterizes these claims as based on ineffective assistance of counsel. As the government points out, however, Defendant's arguments lack a factual basis or constitute claims that are barred because he failed to raise them on appeal.

Section 2255 motions are not available to review the legality of issues that should have been, and were not, raised on direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *United*

*States v. Allen*, 16 F. 3d 377, 378 (10th Cir. 1994). To avoid the rule barring consideration of such issues, a defendant must show "cause excusing his procedural default and actual prejudice resulting from the errors of which he complains;" alternatively, a defendant must show that "a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Cook*, 997 F.2d 1312, 1321 (10th Cir. 1993). In this case, Defendant attempts to avoid the procedural bar by arguing that his counsel was ineffective at trial. To establish that claim, Defendant must show that his counsel's performance was constitutionally deficient and that, as a result, Defendant was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The claim is deficient if the Court finds either factor absent, and it is not required to consider the factors in any particular order. *Id.*, at 697; *Cooks v. Ward*, 165 F. 3d 1283, 1292-93 (10th Cir. 1998).

As the government points out, Defendant cannot establish either factor in this case because the bases for his claim of ineffective assistance is not supported by the factual record in this case. Initially, Defendant contends that counsel was deficient in failing to object to the omission of a reasonable doubt jury instruction; however, no jury instructions were given because there was no jury trial in this case. Defendant argues that his counsel's agreement to a non-jury trial was also deficient; however, the record reflects that Defendant expressly waived a jury trial. The Court accepted that waiver only after conducting a hearing in which the Court questioned Defendant at length regarding his understanding of his right to a jury trial and the consequences of waiving that right. After the hearing, the Court concluded that Defendant knowingly and voluntarily waived his right to a jury trial. In his current Motion, Defendant does not argue to the contrary.

Defendant's next basis for challenging the sufficiency of counsel's performance is the contention that counsel failed to effectively cross-examine certain witnesses. However, the record

2

establishes that the testimony at issue was presented to the Court in stipulations filed by the parties; the written stipulations were signed by Defendant.

The Court agrees with the government that the record reflects Defendant had the benefit of effective assistance of counsel. There is no evidence that his counsel's performance was deficient, and Defendant cites no error that could warrant a conclusion that he was denied effective assistance of counsel or that he suffered prejudice.

Having fully reviewed the parties' arguments and the extensive record in this case, the Court concludes that Defendant has not shown a basis for § 2255 relief. Accordingly, the Motion [Doc. No. 48] is DENIED. Defendant's motion for appointment of counsel [Doc. No. 54] is also denied.

IT IS SO ORDERED this 5th day of April, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE